IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALOYSIUS THADDEUS HENRY, #152683,  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CASE NO. 2:16-CV-872-WKW
                                   )
TODD STRANGE, *et al*.,            )
                                   )
            Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Aloysius Thaddeus Henry ("Henry"), a frequent federal litigant, currently incarcerated at the Fountain Correctional Facility.  In the instant complaint, Henry challenges the constitutionality of actions which occurred during criminal proceedings before the Circuit Court of Montgomery County, Alabama, in 2005.

## II.  DISCUSSION

Upon initiation of this case, Henry filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  *Doc. No. 2*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

the prisoner is under imminent danger of serious physical injury."[1]  Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

The records of this court establish that Henry, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who are immune from suit.  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Henry v. Marshall, et al.*, Case No. 2:05-CV-324-MHT-VPM (M.D. Ala. 2005); (2) *Henry v. Pike County Commissioners*, *et al.*, Case No. 2:99-CV-516-WHA-VPM (M.D. Ala. 2000); and (3) *Henry v. Ennis, et al.*, Case No. 2:98-CV-1146-MHT-VPM (M.D. Ala. 1998).

In the instant civil action, Henry alleges that his constitutional rights were violated during his 2005 criminal proceedings which resulted in a conviction for first degree robbery.  The allegations set forth in the complaint fail to demonstrate that Henry was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception allowing circumvention of the directives contained in

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent-filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216.

28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to prevent application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'").  Consequently, the court concludes that this case is due to be summarily dismissed without prejudice as Henry failed to pay the requisite filing and administrative fees upon his initiation of this case.  *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to the provisions of § 1915(g)" because he "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for leave to proceed *in forma pauperis* filed by Aloysius Thaddeus Henry be DENIED.

2.  This case be dismissed without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case.

It is further

ORDERED that on or before November 22, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of November, 2016.


_____/s/   Wallace Capel, Jr._____
UNITED STATES MAGISTRATE JUDGE

4