IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALOYSIUS THADDEUS HENRY, #152683, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:16-CV-872-WKW [WO] |
| TODD STRANGE, N.T. BRUCE, CHARLES PRICE, DEBRA HOLLIS, and ANNA COOK, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge. (Doc. # 3.) On November 14, 2016,[1] Plaintiff Aloysius Thaddeus Henry filed objections to the Recommendation. (Doc. # 4). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

---

[1] Although the objection was received by the clerk of court on November 28, 2016—six days after the deadline for objections (*see* Doc. # 3)—Mr. Henry is entitled to the benefit of "the prison mailbox rule, under which a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (citation and internal quotation marks omitted). Mr. Henry signed his objection on November 14, 2016 (Doc. # 4 at 6), and the undersigned "assume[s], absent evidence to the contrary, that a prisoner delivered a filing to prison authorities on the date that he signed it." *Daniels*, 809 F.3d at 589 (alteration, citation, and internal quotation marks omitted). Therefore, Mr. Henry's objection is timely.

In his objection, Mr. Henry takes three tacks:  First, he argues that he has not had at least three civil actions dismissed under 28 U.S.C. § 1915 as frivolous, malicious, or for failure to state a claim; therefore, he claims, he has not run afoul of § 1915(g).  (*See* Doc. # 4 ¶¶ 2–3, 5.)  The Magistrate Judge identified three such cases, thereby justifying denial of leave to proceed *in forma pauperis* under § 1915(g).  (*See* Doc. # 3 at 2.)

Second, Mr. Henry asserts that he is under imminent danger of serious physical injury, such that subsection (g) does not require him to pay the filing fee upon initiation of this case.  (*See* Doc. # 4 ¶¶ 4–5.)  He purports to have been "jumped on" and otherwise assaulted by prison officials, and claims that this history of assault shows a "risk of future injury . . . sufficient to invoke the imminent danger exception."  (Doc. # 4 ¶ 5.[2])  Even accepting these statements as true, they do not justify application of the exception because there is no indication that Mr. Henry remains in imminent danger.  The most recent altercation described in the objection happened on or around May 3, 2016 (Doc. # 4 ¶ 3), and "[a]n allegation of past imminent danger will not invoke the 'imminent danger' exception."  *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (citing *Medberry v. Butler*, 185

---

[2] Mr. Henry's objection contains two paragraphs numbered five, one on page three and one on page four.  (Doc. # 4 at 3–4.)  This citation refers to the paragraph on page four of Mr. Henry's filing.

2

F.3d 1189, 1193 (11th Cir. 1999). Accordingly, § 1915(g) bars Mr. Henry from proceeding *in forma pauperis*.

Finally, Mr. Henry appears to argue the merits of his underlying claims. (*See* Doc. # 4 ¶¶ 1, 7–8.) To be clear, neither this Order nor the Recommendation of the Magistrate Judge hinges on whether Mr. Henry has stated a non-frivolous claim. Rather, each results from Mr. Henry's request for leave to proceed *in forma pauperis*, in view of his three prior § 1915 dismissals and the absence of imminent danger of serious physical injury. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Accordingly, it is ORDERED as follows:

1. Plaintiff Aloysius Thaddeus Henry's objection (Doc. # 4) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 3) is ADOPTED;

3. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is DENIED; and

4. This case is DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon initiation of this case.

A final judgment will be entered separately.

DONE this 30th day of November, 2016.

                                                /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE